# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ANTERIO ROBINSON

NO. 2023 KW 0567

**JULY 7, 2023**

---

In Re: State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. DC-22-04143.

---

BEFORE: THERIOT, WOLFE, AND GREENE, JJ.

**WRIT GRANTED.** The district court abused its discretion in finding the first four minutes and seven seconds of the body camera footage depicting the victim and her interactions with the police to be inadmissible as violative of the Confrontation Clause. We find that the statements made by the victim/declarant are nontestimonial. As evidenced from the footage, there was an ongoing emergency situation and the primary purpose of the officer's questioning was related to the victim's well-being and to assess the need for emergency medical services. The questioning was informal, occurred in the immediate aftermath of the battery, and took place at the scene of the crime. See **Davis v. Washington**, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006); **Michigan v. Bryant**, 562 U.S. 344, 131 S.Ct. 1143, 179 L.Ed.2d 93 (2011). Additionally, the spontaneous statements made by the victim/declarant pursuant to the officer's questioning are admissible under the excited utterance and present sense impression exceptions to the hearsay rule. See La. Code Evid. arts. 803 (1) & (2); **State v. Lee**, 2022-01314 (La. 11/16/22), 349 So.3d 988, 989-90 (per curiam); **State v. Jordan**, 2021-0585 (La. App. 4th Cir. 12/21/21), 334 So.3d 417, writ denied, 2022-00141 (La. 3/2/22) 333 So.3d 834. Therefore, this matter is remanded to the district court for further proceedings consistent with this ruling.

MRT
EW
HG

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT